[412]   *JOHN STARK, Respondent, v. EDWARD BARNES, Appellant.

[1] POSSESSORY ACT CONSTRUED.—A, in pursuance of the provisions of the "Act prescribing the Mode of Maintaining and Defending Possessory Actions on Lands belonging to the United States," entered upon unoccupied land, marked it out, so that its boundaries might be readily traced, and commenced to build a house upon it, when he was ousted by B: *Held*, that in an action of forcible entry and detainer, A could recover the land from B, but without a fine or treble damages.

APPEAL from the Third Judicial District.

Mr. Justice WELLS delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

The right of the respondent, Stark, to recover in the Court below, depends upon the construction to be given to the "Act Prescribing the Mode of Maintaining and Defending Possessory Actions on Lands belonging to the United States," and the question arises, had he acquired such a possessory right to the land in controversy, at the time of the committing of the injury complained of, as would entitle him, under the provisions of that Act, to maintain his suit? The provisions of the statute, conferring a possessory right to lands belonging to the United States, not exceeding one hundred and sixty acres, required, 1st, that the land shall be unoccupied; 2d, that the claim to such land must be marked out, so that the boundaries thereof may be readily traced, and the extent of such claim easily known; 3d, that the person wishing to entitle himself to the benefit of this statute, must have occupied and actually settled upon the same, and made improvements thereon to the value of one hundred dollars; 4th, he shall not neglect to occupy or cultivate such claim for the period of three months.

It appears from the testimony, that one Perry Morrison had taken up a claim adjoining this land, and which he supposed

---

[1] Possession as test of priority of claim, explained in *Kelly* v. *Natoma W. Co.* **6** Cal. 108; *Kennedy* v. *Hamer,* 19 Cal. 387; see same case on former appeal, 2 Cal. 162. *Porter* v. *Pico,* 55 Cal. 174.

*included this part; but when he had marked off his     [413]
claim of one hundred and sixty acres, he found the
portion in dispute in this case, was left out. This portion
remained unoccupied, until Stark entered upon it, in Octo-
ber, 1850. The fact that several persons in the neighborhood
were in the habit of cutting firewood from it does not alter
the case—the land was unoccupied, within the meaning of
the statute, at the time of Stark's entry. Stark erected a
house upon the land, which was soon afterwards torn down,
but immediately rebuilt; and he continued to occupy the
land and to reside upon it, from the time of his first en-
trance until the time of trial, and proceeded, step by step,
to perfect his claim, which, in the month of February fol-
lowing, he marked out, so that the boundaries thereof might
readily be traced, and its extent easily known; but before
completing the series of acts necessary to perfect his claim,
he was disturbed in his possession by one Cincinnatus Mor-
rison, who entered upon the land, commenced building a
house thereon, and having completed his house, conveyed it
to Barnes the appellant, who, as his successor, resided on
it, and continued so to do, until the trial of the cause. It
was Morrison, also, who tore down the house of Stark.
These acts of Morrison, although commenced in the after-
noon of the same day that Stark entered upon the land,
were but tresspasses upon the possessory right of Stark,
and could in no way bestow any right of possession upon
the trespasser, He could derive no benefit from his own
wrongful acts, nor could any benefit or privilege be bestowed
upon Barnes by a conveyance from him, Barnes taking
under him, was but his successor in a trespass, and, in con-
tinuing therein, became himself a trespasser. It is con-
tended by the appellant that Stark had no possession
within the meaning of the statute to entitle him to bring his
action, and this objection, we understand, is based upon the
ground that he had not perfected his claim by the perform-
ance of such acts as are required by law. But we consider
that this is a case to which the doctrine of relation applies.
That doctrine is correctly stated by the Court below, that
"where a number of acts are to be performed, in virtue

of which a right accrues, the time of performance of [414] the last *act, when all have been performed in good faith, relates back to the commencement of the series of acts which create the right, so as to make it perfect when the first act was being commenced." Or, as stated differently (Viner's Ab. tit. Relation, 290; *Harper* v. *The Bailiff of Derby*), "Where there are divers acts concurrent to make a conveyance, estate, or other thing, the original act shall be preferred, and to this the other act shall have relation." This principle has been repeatedly recognized, and is fully considered and sustained in 3 Cowen, 75; *Jackson* v. *Ramsay*, and cases cited. Applying this principle to the case before us, the last act of Stark relates back to the first of the series, so as to give his right full force, when the first act of entering upon unoccupied land was performed; and his claim took effect and was a perfect title by relation, previous to the entry and interference of Morrison. Such a construction of the Act we believe to be in harmony with the beneficent intention of the Legislature, and consonant with the spirit of the law. The object of the statute being to encourage the settlement and cultivation of unoccupied lands, and securing the actual settler in good faith in his possession and improvements would be frustrated, if, while one party was engaged in the performance of the first of a series of acts, necessary to be done to entitle him to the benefit of the statute, and before the completion of other acts requiring time and labor, a second party could by force thrust him aside, occupy his claim, and be secured in the possession thereof, on the ground that the claimant first entering upon the land, had not completed all the acts that the statute requires before the entry of his disturber. Such a construction, instead of accomplishing the great design and purpose of law, would be to promote wrong, violence and public mischief, and ought nowhere to receive encouragement. It cannot receive the sanction of this Court. The next inquiry is as to the kind and extent of the remedy. The proof in this case does not establish that the injury complained of, affected the actual possession of Stark to the land, but extended to his constructive possession only, and

the action for a fine and treble damages does not lie.   But
jurisdiction is conferred by the Act of March 11th,
1851, *sec. 87, subd. 9, upon Justices' Courts for   [415]
injuries sustained or occasioned by a forcible and
unlawful entry upon, or a forcible or unlawful detention of
lands, tenements or other possessions, whether the posses-
sion of the land be actual or constructive, without, how-
ever, conferring the power of assessing the fine or trebling
the damages.

For these considerations, and in view of the whole case,
we are of the opinion that the decision of the District Court
ought to be affirmed.   Let an order be entered accordingly.