## J. MARRINER AND D. WILLARD, v. RUFUS SMITH AND HENRY GOODING.

REMOVAL OF LIEN OF A JUDGMENT FROM LAND.— One who purchases land subject to the lien of a judgment obtained by fraud against his grantor is not entitled to have a Court of equity remove the judgment lien and enjoin a sale of the land under the judgment, unless he shows affirmatively that he will be injured by an enforcement of the lien by a sale of the land on execution.

LIEN OF JUDGMENT AGAINST HUSBAND ON THE HOMESTEAD.—If, while a judgment is standing against the husband, the husband and wife make a sale of the homestead, and at the same time make a relinquishment of the homestead right in the manner required by law, so that the two constitute but one transaction, and the homestead does not exceed in value five thousand dollars, the lien of the judgment will not attach to the homestead, and a Court of equity will enjoin a sale of the same upon an execution issued on the judgment.

SAME.—If husband and wife make a relinquishment of the homestead right, and afterwards sell the homestead property, and the relinquishment takes effect before the sale, the lien of the judgment will attach to the property.

MAKING UP TRANSCRIPT ON APPEAL. — If an amended complaint and answer are filed, and no question arises on the original pleadings, it is not necessary to include them in the transcript on appeal. Other abbreviations of transcript are indicated in the opinion.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*Charles A. Tuttle*, for Appellants.

*Jo Hamilton*, for Respondents.

There can be at this day little doubt that under authority of the following, besides numerous other decisions of like import, that a suit to remove or prevent a cloud upon plaintiff's title, may be maintained ; indeed, it would be his only remedy. (*Shattuck* v. *Carson*, 2 Cal. 588 ; *Guy* v. *Hermance*, 5 Cal. 75 ; *Alverson* v. *Jones*, 10 Cal. 11 ; *Pixley* v. *Huggins*, 15 Cal. 133.)

It will very readily be seen, that if Smith obtained his judgment, as in this instance, before the sale to respondents, and while the property was a homestead, and Goode and wife afterwards divest the lands of their homestead estate, for the purpose of sale to respondents, they came to defendants' hands cumbered with the judgment lien. If, then, the Sheriff be permitted to go on and sell the lands under this fraudulent judgment, a cloud would rest on respondents' title. It was not necessary to aver ignorance on the part of the respondents of the existence of this judgment, or that they had not bought the property, *cum onere;* the invalidity of the judgment once established, then knowledge or ignorance was not material.

By the Court, SAWYER, J.

On the 16th day of November, 1861, the defendant, Smith, recovered a judgment upon a promissory note in the District Court for the County of Placer, against one D. B. Goode for the sum of four hundred and sixty-four dollars. At the date of said judgment said Goode was the owner of the lands described in the complaint, which lands constituted his homestead. Subsequent to the entry of said judgment, an instrument of abandonment of said homestead was duly executed and acknowledged by said Goode and wife, and regularly recorded, and the premises were conveyed by said Goode and wife to plaintiffs; but whether the abandonment and conveyance were contained in one instrument, does not appear. In October, 1863, subsequent to said conveyance, Smith procured an execution to be issued upon his said judgment against Goode, and placed it in the hands of the defendant, Gooding, Sheriff of Placer County, who was proceeding thereunder by the direction of said Smith to sell said lands. Plaintiffs thereupon commenced this action to restrain the sale, and thereby prevent the defendants from further clouding their title, and to procure a cancellation of the judgment as a fraud upon their rights. In addition to the foregoing facts, the plaintiffs

allege in their complaint, that. on the 5th day of November, 1861, after the commencement of said suit by Smith against Goode, and before the entry of judgment therein, said Goode and said Smith settled said suit, and said Goode delivered to said Smith a horse of the value of three hundred dollars, and other property specified, exceeding in value, in the aggregate, the amount due in the matter in suit, and that said Smith accepted the said property in full payment and satisfaction of the entire amount due, and in consideration thereof, agreed with said Goode to dismiss said suit, and that the same should not be further prosecuted; that said Goode, relying upon said promise, and supposing the said suit would be dismissed, paid no further attention to it; that said Smith, in violation of said agreement, and without the knowledge or consent of said Goode, and in fraud of his rights, did, nevertheless, cause said judgment to be entered by default; and that said judgment was thereby obtained by fraud, upon a demand which had been fully paid, satisfied and discharged. The Court found the facts to be as alleged, and rendered a judgment annulling and setting aside the said judgment, also perpetually enjoining any sale under it; from which judgment defendants appeal.

The grounds of appeal are, that the facts alleged in the complaint, and found by the Court, are insufficient to entitle plaintiffs to the judgment rendered, or to any relief.

Goode, the defendant in the judgment vacated, is not a party to this action. He has made no complaint against the judgment. Of course the plaintiffs cannot interfere on his behalf, and they have no interest in the matter, except so far as the judgment lien may affect their property. They have no right to have the judgment absolutely vacated and annulled. The only question is, as to whether plaintiffs stand in such a relation to the judgment against Goode and the parties thereto, as to entitle them to the aid of a Court of equity to remove a judgment lien upon the land described in the complaint, and to an injunction against a sale under said judgment.

The judgment was in existence long before, and at the time plaintiffs took their conveyance, and they had record notice of

the lien of said judgment, if any there was. It is not alleged, and it nowhere appears, that defendant Smith, and Goode, or either of them, practised any fraud upon plaintiffs, or that plaintiffs did not assume the payment of the judgment as a part of the purchase price. It does not appear that they paid full value for the premises upon the understanding, that the judgment was satisfied, or void, or even that they paid anything at all for the land. If they took the land subject to the lien, and with an understanding that they were to discharge it, they certainly have no grounds to complain that they are compelled to pay the judgment. The presumption is that the plaintiffs have stated their case as favorably to themselves as the facts will admit. Yet it nowhere appears that they are, or can be, injured by the judgment. That Goode should pay the amount due defendant, Smith, twice is a matter of no concern to plaintiffs. If plaintiffs did in fact knowingly purchase the land, subject to the judgment, at a less price than its value in consequence of the lien upon it, they have no ground of complaint, and it rests upon them to affirmatively show that they are injured. This we think they have failed to do.

The complaint also alleges, that the premises in question were, on the twenty-third day of October, 1861, dedicated by Goode as a homestead in the mode prescribed by law, and that said premises at the date of said conveyance to plaintiff were still owned by said Goode, and occupied by himself, wife and family as a homestead, and that both said Goode and wife made, executed and delivered the conveyance therefor, and made the proper relinquishment of homestead in the manner provided by law for the sale of homesteads. These allegations are not denied by the answer, and for the purposes of the action must be taken as true. Conceding that it sufficiently appears that the relinquishment of the homestead and the conveyance constituted one transaction, and took effect at the same moment of time, and that the value of the homestead did not, at the time of said relinquishment and conveyance, exceed five thousand dollars, the judgment, even if valid, never constituted a lien; for, while the title remained in Goode, there

was nothing subject to the lien of the judgment, or to a sale upon execution.  Upon such a state of facts, the plaintiffs would perhaps be entitled to have the judgment against Goode adjudged not to be a lien upon the land, and to a perpetual injunction against a sale.  A sale, notwithstanding the judgment, for the reasons stated, might not be a lien upon the land, would tend to cloud the title, upon the principle announced in the case of *Pixley* v. *Huggins*, 15 Cal. 128, and other cases affirming it.  But it is nowhere averred that the value of the premises did not exceed five thousand dollars. Besides, as if to cut himself off from this ground of relief, the plaintiff, in a subsequent allegation, expressly avers the said judgment to be a lien upon said land of older date than the plaintiff's deed and relinquishment of homestead.  The allegation is not very distinct, that the relinquishment and conveyance constituted one transaction and took effect at the same time, nor does the date very clearly appear.  If the relinquishment of homestead took effect before the conveyance, the lien of the judgment attached.  For the reasons stated we are of the opinion that the facts alleged and found are insufficient to entitle plaintiff to the relief sought and obtained.  The judgment must therefore be reversed, and the cause remanded for further proceedings.  We think the plaintiff should have leave to amend his complaint.

In this case, as in many others, the appellant has overlooked the amendment of 1864 to section three hundred and forty-six of the Practice Act, and has consequently incurred double the expense necessary in making up his transcript on appeal. The transcript, it is true, is not voluminous, but it is still nearly or quite three times as large as necessary.  As will be seen by referring to the amendment indicated, it is not necessary in all cases to bring up the entire judgment roll.  In this case the original pleadings and summons might have been omitted, as no question arises on them.  The amended complaint and answer thereto formed the issues tried.  The entire first half of the transcript, therefore, is utterly useless here. And no inconsiderable portion of the remainder is taken up

with titles of the cause in the several papers, indorsements upon each paper filed, and verifications in full. Each time the style of the Court and title of the cause is repeated, one half of a printed page is taken up, and the indorsement of title, names, etc., on each paper, takes another half page. Where papers are short and numerous, such repetitions are frequent, and constitute a very large portion of a transcript. All this is unnecessary, especially where the transcript is made up and certified under the rules of Court by the attorneys of the respective parties, as is now usually done, and as was done in this case ; and when the transcript is certified by the Clerk the certificate can easily be adapted to such omissions of irrelevant and useless matter. It is sufficient when the style of the Court, and title of the cause is given in the first paper, to afterward give the name of the document and at the head say, " Title of cause." And where a paper is verified or acknowledged, and no point is made on the verification or acknowledgment to say, "Duly verified," or, "Duly acknowledged." *The date of the paper, date of filing, date of service, etc., and every indorsement that may be important should, of course, appear.* The rest may, with advantage, be omitted.

Attorneys, in making up their transcripts, by observing these suggestions, will still further greatly diminish the expense of making up and printing records, and thereby also facilitate the examination of the record on the part of the Court.

Judgment reversed and cause remanded, with leave to plaintiff to amend his complaint, as he may be advised.

Mr. Justice SHAFTER expressed no opinion.