*A. J. Simpson, J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellee.

---

McCULLOCH's Administrator and Others *v.* HOLLINGSWORTH.

PARTIES.—INJUNCTION.—One who has conveyed real estate by a deed of warranty has such an interest in restraining the sale of the land on an execution issued upon a judgment against a former owner, alleged to have been paid, as to make him a proper party plaintiff in a suit for that purpose.

APPEAL from the *Vermillion* Common Pleas.

ELLIOTT, J.—This was a complaint for an injunction by *Joseph C. Hollingsworth* against *Ranger,* administrator *de bonis non* of the estate of *James McCulloch,* deceased, and *Crane,* sheriff of *Vermillion* county, to restrain the sale of certain real estate, &c. The material facts averred in the complaint are, that *McCulloch,* in 1859, recovered a judgment in the Court of Common Pleas of *Vermillion* county, against *Martha Hollingsworth,* which became a lien on certain real estate in said county, belonging to her; that *McCulloch* died in 1863, and one *Conkey* became his administrator, and had the judgment against said *Martha* revived in his name; that he subsequently resigned said trust, and the defendant *Ranger* was appointed in his stead, as admin-

istrator *de bonis non;* that said *Martha Hollingsworth*, after the rendition of the judgment, sold and conveyed the real estate upon which it was a lien to one *Edmonston*, who sold and conveyed it to the plaintiff, and that the plaintiff sold and conveyed the same, by deed of warranty, to one *Jones;* that an execution issued on said judgment had been placed in the hands of said *Crane*, the sheriff, who had levied it on said real estate, and was about to sell the same. It is further alleged that the plaintiff fully paid said judgment, and the interest and costs due thereon, for said *Martha*, to said *McCulloch*, in his lifetime. The complaint prayed that the sheriff be enjoined from selling said real estate on said execution, &c. *Ranger*, the administrator, appeared and demurred to the complaint. The demurrer was overruled, to which ruling an exception was taken, and *Ranger* then answered by a general denial. Trial by jury, and verdict that the allegations of the complaint were true, and "that the judgment mentioned in the complaint had been fully paid and satisfied, principal, interest and costs." Motion for a new trial made and overruled, and an order of perpetual injunction against the collection of the judgment. *Ranger* appeals.

The overruling of the demurrer to the complaint is complained of as erroneous. The objection urged to the complaint is, that the facts stated do not show such an interest in *Hollingsworth* as to entitle him to become the party plaintiff; that having sold and conveyed the real estate to *Jones*, he, alone, if any one, could maintain the suit.

It is alleged in the complaint that *Hollingsworth* conveyed the land to *Jones* by deed of warranty. The judgment was not satisfied of record, and was, therefore, an apparent lien on the real estate. The administrator denied its payment, and was proceeding to collect it by a sale of the real estate. *Hollingsworth* had notice of these facts. He was liable to *Jones* on the covenants of his deed, if the title to the real estate failed. His liability was in danger of becoming fixed by the sale under the execution. These facts, we think,

show that *Hollingsworth* had an "interest in the subject of the action, and in obtaining the relief demanded;" such an interest as entitled him to bring the suit. 2 G. & H., § 17, p. 45. In this conclusion we are fully sustained by the cases of *The City of Hartford* v. *Chipman*, 21 Conn. 488, and *Redwine* v. *Brown* 10 Georgia 311.

A question is also presented upon the admission by the court of the plaintiff to testify as a witness on the trial, on his own behalf. But the record shows that the court required him to testify. There was no error in this. See Acts 1865, § 3, p. 59.

The judgment is affirmed, with costs, to be levied of the assets, &c.

*Eggleston & Maxwell, A. G. Porter, B. Harrison,* and *W. P. Fishback,* for appellants.

*B. E. Rhoads, J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellee.