## DOWNING ET AL. *vs.* MANN ET AL.

[BILL IN EQUITY TO ENJOIN SALE OF LANDS, UNDER EXECUTION AT LAW.]

1. *Injunction; when writ will lie.*—D. sold land to R., and gave bond for titles. S. recovered a judgment against D., after the contract of sale to R., and did not proceed against D's interest in the land sold to R., until R. had sold to M., and D. had made titles to M.,—*held*, that D. had no interest in the land subject to sale under execution, and that M., by bill in chancery, might enjoin S. from attempting to sell the lands, as the property of D.

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. S. K. McSpadden.

THE opinion contains the facts of this case.

FOSTER & FORNEY, TURNLEY & HEFLIN, for appellant.
G. C. ELLIS, *contra*.

[No brief came into the hands of the reporter.]

B. F. SAFFOLD, J.—The appellant, Downing, sold a tract of land to J. J. Rowland on the 7th of June, 1862, and gave him a bond for titles, when the purchase-money should be paid. He took from Rowland a smaller tract of land in part payment, and two promissory notes for the remainder. On the 4th of October, 1862, Casander Starkie, as the administratrix of Daniel Starkie, deceased, recovered a judgment in the circuit court of Calhoun county against the said Archibald Downing and others, on which execution issued. On the 4th of September, 1863, Downing and wife made a deed for the land, purchased from him by Rowland, to the appellees, who had purchased from Rowland. On the 22d of December, 1866, the sheriff of Calhoun county levied an execution, issued October 16th, 1866, on the judgment recovered by Mrs. Starkie, October 4th, 1862, on the said lands, as the property of Downing. This was the second execution issued on the judgment.

The bill was filed by the appellees to enjoin the sale of the land, for the satisfaction of this judgment. It was demurred to for want of equity. The chancellor overruled the demurrer and perpetuated the injunction. This action of the court is now assigned as error.

Under the Code of 1852, a judgment was not a lien upon property, and the lien of an execution was lost by the lapse of an entire term without a reissue. If the statute of December 10th, 1861, gave a lien on this land to the judgment of Starkie, it was lost by the statute of December 8th, 1863, when she refused to take payment in Confederate money. In fact, both acts declare that the lien of the judgment shall be discharged by the refusal of the creditor to receive the currency designated.

One act is as valid as the other. If both are valid or void, Mrs. Starkie's judgment is not a subsisting lien on this land. In the first instance, because she refused to take Confederate money, and in the other, because the executions were not continued from term to term, as required by the Code of 1852.

Before the issue of the execution in October, 1866, the legal title had passed to the appellees, by the deed of Downing and wife, in 1863. Downing had not, at that time, any interest in the land, subject to levy and sale under execution.

There is no error in the decree of the chancellor, perpetuating the injunction without prejudice to the cross bill interposed by Downing.

Decree affirmed.