## THEO. C. PORTER *v*. PIO PICO *et al.*

(*Supreme Court of Cal., July, 1880. Pacific Coast Law Journal.*)

SHERIFF'S DEED IN ATTACHMENT. A sheriff's deed executed in pursuance of an execution sale under a judgment rendered in an attachment suit, takes effect from the levy of the attachment if the levy is such as to create a lien.

ATTACHMENT LIEN—HOW EFFECTED. Two acts are necessary to create an attachment lien—to wit: Service on the occupant or posting on the premises, and filing in the recorder's office.

JUDGMENT IN ATTACHMENT SUIT. Although the lien of the attachment is merged in the judgment, the latter does not operate so as to release or obliterate the attachment lien. The attachment lien still exists so as to confer a priority in the lien of the judgment.

McKEE, J. The action is brought to enjoin the defendants from selling the land described in the complaint, under an execution issued upon an order of the late district court of Los Angeles county, whereby the defendant Alexander, sheriff of the county of Los Angeles, was commanded to proceed and sell all the title and interest which one E. F. De Celis had in the land on the 2d day of January, 1877, and which had been on that day levied on by a writ of attachment issued in an action brought by the defendant Pico against the said De Celis. The plaintiff is in possession of the land, claiming to be the owner of it by judgment, execution sale, and sheriff's deed in an attachment suit, commenced on the 24th day of December, 1876, by one W. R. Rowland, against the same judgment debtors, and also by a sheriff's deed made to him as a redemptioner of the property from a

4

sale made to one A. B. Chapman against the same judgment debtor. In the Rowland case an attachment was levied on the 26th day of December, 1876. Judgment was rendered on the 21st of April, 1877, and was docketed on the same day. The property was sold on the 25th day of June, 1877, by an execution issued on this judgment, which commanded the sheriff of the county to satisfy the judgment out of the real property belonging to the defendant on the day when the judgment was docketed, or at any time afterward. The certificate of sale and sheriff's deed transferred to the plaintiff as assignee of the purchaser at sheriff's sale, "all the right, title, interest and claim which the said judgment debtor, E. F. De Celis, had on the 21st day of April, 1877, or at any time afterward, or now has, in and to the lands" described therein.

The case of *Chapman* v. *Celis* was a judgment rendered by a justice of the peace on the 31st of October, 1876. A transcript of the judgment was filed November 1, 1876; and by an execution issued thereon, the land in dispute was sold on the 27th of November, 1877. From the purchaser at the sale, the plaintiff, as the successor in interest of Celis, redeemed the land; and on the 8th day of June, 1878, the sheriff executed and delivered to him as redemptioner a deed of all the right, title and interest which the "judgment debtor had in the land on the 1st day of November, 1876, or at any time thereafter." Under these conveyances plaintiff was let into possession of the land, and was in possession when this action was brought.

It is contended that the deed made to the plaintiff as a redemptioner was void, and transferred no title; that the proceedings by attachment in the Rowland case were irregular and defective, and created no lien; that the sheriff's deed conveyed to the plaintiff only the estate which the judgment debtor had in the land on the 21st of April, 1877, and that that was subject to the prior attachment lien of the defendant created by the levy of his attachment on the 2d day of January, 1877.

We think it is clear that a sheriff's deed executed in pursuance of an execution sale under a judgment rendered in an attachment suit, takes effect from the levy of the attachment if the levy is such as to create a lien. Now in the case in hand the officer who levied the attachment returned that he "duly levied the same on the 26th day of December, 1876, by attaching, according to law,

all the right, title and interest of defendant E. F. De Celis in and to the following described real estate," being the land in dispute. In this return there is an absence of the acts done by the officer in making the levy. But the legal presumption is that the officer discharged the duty required of him according to law, and that the levy had been made in compliance with the directions of the writ. *Rowan* v. *Lamb*, 4 Iowa, 468; *Reders* v. *Wafford*, 4 S. & M., 579. The general rule with regard to the execution of mesne process is that all presumptions are in favor of the regularities of the acts of the officer, and that a return which simply states that the process was executed is sufficient, *prima facie*, to show a due and proper execution. *Ritter* v. *Scannel*, 11 Cal., 247. But this is a disputable proposition which may be controverted; and the officer himself was called by the defendant as a witness for that purpose. To the question, "State how you levied that attachment?" he answered: "That special case, no more than all the balance of them; I levied the whole of them the same—all our cases. * * We levied the attachment by posting a notice on the property, together with a copy of the writ of attachment, and also recorded the same about the same time the attachment was put on the land. * * We posted our notice first, levied our writ, posted it up to show the same was levied, and then filed it in the recorder's office." In this the officer testifies rather as to what was the usual custom of his office in levying writs of attachment than to the levy of the particular writ in question. Whether the inference from that custom was sufficient to repel the presumption that the officer had followed the statutory order in levying the attachment in question, was a matter for the consideration of the court on the trial of the case; and his decision either way would be a decision upon a conflict of evidence which we would not review.

In *Wheaton* v. *Neville*, 19 Cal., 44, it was decided that two acts were necessary to create an attachment lien, to wit: service on the occupant or posting on the premises, and filing in the recorder's office. In *Main* v. *Tappener*, 43 Cal., 206, it was held that both acts must be performed in the order in which they are named in the statute. In both these cases the contests were between attaching creditors and purchasers in good faith, for value, each of whom had obtained his deed before the levy of the attachment was completed. In the one case no copy of the writ

of attachment had been filed in the recorder's office until nearly a month after the purchaser had received his deed. In the other a copy of the attachment had not been posted on the premises until an hour and a half after the purchaser had paid his purchase money, and received his deed; and in both it was held that the doctrine of relation did not help the purchasers at the sheriff's sales, because the levies of the attachments were not completed before the deeds were delivered to the vendees of the attaching debtor, and that their intervening rights must prevail over the attachment levies. But here no such question arises. The court below found that the attachment was levied according to law several days before the levy of the attachment in the defendant's case. It was therefore a prior lien to that of the defendant. A prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him, in a court of law or equity, to a subsequent claimant. *Rankin* v. *Scott*, 12 Wheat., 177. This lien was not affected by any irregularities in the attachment itself, nor was it destroyed by the judgment rendered in the attachment suit. Any irregularities in obtaining it were waived by the defendant to the suit when he appeared and answered, without taking advantage of them by motion or otherwise, in the course of the proceedings. The process is merely auxiliary, and the judgment in the action cures all irregularities. *Reden* v. *Wooford*, 4 S and M., 579; *Dunn* v. *Crocker*, 22 Ind., 324; *Caruthers* v. *Click*, 1 Iowa, 54.

The court had jurisdiction of the parties, of the subject matter, and of the property which had been taken by the writ of attachment; and any errors of law in the record of the case must be disregarded by a court when the record is introduced collaterally as evidence of title to the property which had been attached. The objections which were made to the affidavit, undertaking, and writ of attachment were therefore properly overruled; in fact the affidavit and undertaking were sufficient.

Nor was the lien lost or destroyed. In *Bagely* v. *Ward*, 37 Cal., 121, it was held that "when a judgment is rendered in an attachment suit, and becomes a lien on real property attached, the lien of the attachment is merged in the judgment." But the judgment does not operate so as to release or obliterate the

attachment lien.    The property attached is still in contemplation of law in the hands of the officer subject to the judgment.    The attachment lien still exists so as to confer a priority in the lien of the judgment.    This result is attained in an indirect way by applying the doctrine of relation to the series of acts necessary to be done to transfer title to the property attached. The property is sold under the final process issued on the judgment; but the deed made to the purchaser at the sale, as the last of the series of acts, takes effect from the date of the levy of the attachment as the first of the series of acts, and perfects the title to the property from the day when it was taken by the officer for the satisfaction of the judgment.    *Starke* v. *Barnes*, 4 Cal., 412; *Sharp* v. *Baird*, 43 *Id.*, 577.

Perhaps it would be more in accordance with the fitness of things to deal with the fact of the levy of the attachment as of an incipient execution, by which the officer has taken into his possession the subject of the levy for the satisfaction of any judgment which might be recovered, and to order him after judgment to sell the specific property for that purpose.    Under the other practice, the levy of the attachment upon the principle of *transit in rem judicatum* becomes merged in the judgment, and the judgment perpetuates the lien of the levy, and the sheriff's deed perfects the title which passes by the sale under the judgment, and relates to the date of the levy.    Upon these principles it is not necessary for the court, in order to enforce priority of lien, to make an order for the sale of the property attached or to issue a *venditioni exponas*.    The execution upon the judgment is a sufficient authority to the sheriff to sell the real property which he has in his possession, and the deed which he makes relates back to the date of the lien perpetuated by the judgment.

If this be not so, a subsequent attachment lien would give an attaching creditor a lien superior to the title of a purchaser in an action under a judgment which perpetuates a prior attachment lien.

The case of *Lamont* v. *Cheshire*, 65 N. Y., 30, does not conflict with the views.    By section 132 of the New York Code as it stood in 1859, the plaintiff in an attachment suit was required to file a *lis pendens* which, from the time of filing, operated as con-

structive notice to a purchaser or incumbrancer of the property affected thereby; and the question presented for consideration in the case was, whether a person whose conveyance was recorded *subsequent* to the filing of a *lis pendens* in certain attachment suits was to be deemed a subsequent purchaser or incumbrancer within the meaning of that section. The defendant in the case had, by purchase from the judgment debtor a month before the filing of the *lis pendens* in the actions, acquired a title regular in all respects, except that he had not recorded his conveyance, but the attaching creditors knew of the existence of the deed; and the court held that the deed of the plaintiff, obtained from the sheriff at execution sale, although registered, passed no title whatever when taken with knowledge of the existence of the prior unrecorded deed.

As in that case the title of the judgment debtor had passed to the purchaser before the filing of the *lis pendens* in the attachment suits, so in this the title of the plaintiff, which originated in the levy of a writ of attachment older than that claimed by the defendant, must prevail against the junior lien claimed by the defendant; and as successor in interest of the judgment debtor, the plaintiff was entitled to redeem the land conveyed to him from the Chapman sale under section 701, C. C. P. The defendant Pico, as a judgment creditor, had also the same right; but he failed to exercise it.

No question is made as to the regularities of the proceedings in the Chapman case. The legal effect of the deed to the redemptioner by the sheriff is the only thing called into question. But so far as the plaintiff's title is concerned, the question is in no way material. The redemption had at least the effect of releasing the plaintiff's land from the sale under the Chapman judgment. That seems to have been the view taken of it by the court below; and of that the defendant cannot complain, for it is in no way to his prejudice. Being the owner and in possession of the land, the plaintiff is entitled to enjoin the threatened sale under the defendant's execution, because, although the sale would be ineffectual to pass title to a purchaser, it would yet be sufficient to cast a doubt as to the validity of the plaintiff's title, and to cast a cloud upon it; and where such is the case, a court of equity will enjoin the sale. *Pixley* v. *Huggins*, 15 Cal., 127;

*Fulton* v. *Hanlon*, 20 *Id.*, 481; *Thompson* v. *Lynch*, 29 *Id.*, 189; *Marinor* v. *Smith*, 27 *Id.*, 653; *Randall* v. *Fuller*, 28 *Id.*, 42.

Judgment and order denying motion for new trial affirmed.

I concur: Myrick, J.

I concur in the judgment: Thornton, J.