[L. A. No. 1087.   Department Two.—July 21, 1902.]

## DELPHINE EINSTEIN, Respondent, v. THE BANK OF CALIFORNIA et al., Appellants.

TEMPORARY INJUNCTION—DISCRETION—APPEAL.—An order granting or dissolving an injunction *pendente lite* is a matter of discretion with the lower court, and the order will not be reversed upon appeal, unless an abuse of discretion plainly appears.

ID.—ENJOINING CLOUD UPON TITLE—SALE UNDER EXECUTION.—A plaintiff who is the owner of the legal title and in possession must be presumed to have a good title until it is otherwise determined; and an injunction *pendente lite* to restrain a sale under execution against the plaintiff's grantor, which would cloud the plaintiff's title, was properly granted.

ID.—CONVEYANCE FROM HUSBAND TO WIFE—INDEBTEDNESS OF HUSBAND— FRAUD AS TO CREDITORS—PRESUMPTION—REMEDY OF WIFE.—The fact that the plaintiff's title consists of a conveyance made by her

husband while indebted to the defendant, who is seeking to sell the property under execution against him, can only be considered as a circumstance in determining the final question whether or not the conveyance was made with a fraudulent intent as to creditors; but the conveyance cannot be presumed fraudulent, in advance of the trial, upon an application for a temporary injunction to prevent the clouding of the plaintiff's title, and she cannot be compelled to allow the sale, and to resort to an independent action to remove the cloud.

APPEAL from an order of the Superior Court of San Diego County granting a temporary injunction. E. S. Torrance, Judge.

The facts are stated in the opinion.

James M. Allen, for Appellants.

Meyer Jacobs, for Respondent.

COOPER, C.—Appeal from order granting a temporary injunction. It appears, from the verified complaint, that in March, 1899, Jacob Einstein, the husband of plaintiff, in consideration of love and affection, conveyed to her by deed the premises described in the complaint, known as the Red Mountain Ranch, which deed was recorded June 21st of the same year. The defendant corporation afterwards, during the year 1900, commenced two actions against Jacob Einstein, the grantor of plaintiff, which resulted in money judgments against said Jacob Einstein.

Upon these judgments executions were duly issued, placed in the hands of defendant Jennings, as sheriff of San Diego County, with instructions to levy upon the premises described in the complaint, standing on the records in the name of plaintiff.

The defendant Jennings accordingly levied upon said real estate, and duly advertised that he would sell the same on February 4, 1901, in order to satisfy said judgments. This action was commenced January 14, 1901, for the purpose of enjoining the sale.

On February 2, 1901, after order to show cause, and upon the verified pleadings, and certain affidavits filed by defendants, the court made the restraining order complained of, enjoining the defendants from selling the said property until

the further order of the court in the premises.  It is the settled rule in this state that an order granting or dissolving an injunction *pendente lite* is a matter of discretion with the lower court, and such order will not be reversed here, except where it plainly appears that there was an abuse of discretion.  (*Porter* v. *Jennings,* 89 Cal. 442.)  It is equally well settled that a sale of lands upon an execution issued against the grantor of the person holding the legal title will cast a cloud upon the title.  (High on Injunctions, 3d ed., sec. 379; Freeman on Executions, 3d ed., vol. 3, sec. 438; *Pixley* v. *Huggins,* 15 Cal. 133.)  And a sale will be enjoined where its effect will be to cloud the title of plaintiff.  (High on Injunctions, sec. 372; *Porter* v. *Pico,* 55 Cal. 175.)

Applying the above principles, the order of the court below was correct.  The plaintiff is the owner of the legal title and in possession.  It is presumed, until otherwise determined, that her title is good.  The fact that the conveyance was made to her by her husband while indebted to defendant corporation would be a circumstance to be carefully considered in determining the question as to whether or not the conveyance was made with a fraudulent intent as to creditors, but upon an application for a temporary injunction we know of no rule that would require the court to presume that the conveyance was fraudulent, and, before trial of that question, allow a sale to be made, thus clouding the plaintiff's title, and compelling her to resort to an independent action for the purpose of removing such cloud.

The appellant says in his brief: "A court of equity has no jurisdiction to enjoin a threatened sale of lands belonging to the wife under an execution against her husband.  The wife has a complete legal remedy."  If the above proposition is true, then a court of equity discriminates against a wife, and refuses to lend her assistance in a case where assistance would be given to others.  It is claimed that the appellant has the right to sell all the right, title, and interest of Jacob Einstein in and to the premises, and that the plaintiff must test the validity of the purchaser's title at such sale, in some action at law,—such, for instance, as ejectment by the purchaser to recover possession.  In other words, the contention is, that the court as a court of equity should not interfere

to prevent the threatened sale, where all the interested parties are before it, but withhold its hand, in order that the purchaser at the sale may be in position to try the validity of the title he might procure in some legal action against plaintiff.

We do not know of any case where a court of equity has declined to exercise its jurisdiction for protective and preventive justice, in order that defendant might have the benefit of piecemeal litigation. If plaintiff is the owner of the land, the defendants have no right to injure her by clouding her title through the machinery of the courts. If the complaint in this case be true, the purchaser at the sale would get no title. Such sale would not benefit defendant corporation, but would injure the plaintiff.

After the sale, in order to clear her title, the plaintiff would be compelled to bring a separate suit, or wait the pleasure of the purchaser to bring his action to recover the possession. It is better for both parties that the question be settled in this suit, and before a sale has taken place, as to whether or not the property sought to be sold is the property of Jacob Einstein.

The views herein expressed were declared at an early date in this state. (*Shattuck* v. *Carson*, 2 Cal. 589. This case has since been followed in *Pixley* v. *Huggins*, 15 Cal. 132; *Englund* v. *Lewis*, 25 Cal. 338; *Porter* v. *Pico*, 55 Cal. 175; *Alverson* v. *Jones*, 10 Cal. 12;[1] *Culver* v. *Rogers*, 28 Cal. 521.) And the same is held in other jurisdictions. (*Downing* v. *Mann*, 43 Ala. 266; *Martin* v. *Hewett*, 44 Ala. 418; *Key City etc. Co.* v. *Munsell*, 19 Iowa, 305; *Norton* v. *Beaver*, 5 Ohio, 178; *McCulloch* v. *Hollingsworth*, 27 Ind. 115; *Sharpe* v. *Tatnall*, 5 Del. Ch. 302; High on Injunctions, sec. 1387, and cases cited.)

It is said by High, in the section cited: "And the doctrine is well established by a uniform current of authority that an injunction is the appropriate remedy for the protection of a married woman in the enjoyment of her separate property as against the husband or his creditors, and courts of equity will freely interpose their preventive aid in such cases. . . . So a married woman may enjoin the sale of her lands on execution under a judgment against her husband."

Much of the appellants' brief is devoted to questions dis-

[1] 70 Am. Dec. 689.

cussed on the theory that the fraudulent acts set forth in defendants' answer are true. If the court on the trial should so find, no doubt it will give the proper relief.

It follows that the order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed. Henshaw, J., McFarland, J., Van Dyke, J.