[Civ. No. 9276. First Appellate District, Division One.—January 28, 1935.]

BASIL B. PRICE, etc., Respondent, v. MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

John Ralph Wilson and Carl E. Day for Appellant.

James M. Hanley for Respondent.

KNIGHT, J.—Plaintiff was awarded judgment in the municipal court against one Simo Naranen for the sum of $2,000 and costs; and Naranen took an appeal to the superior court. In perfecting such appeal he filed a bond in the form of and designated as a "cost and stay bond on appeal", on which the defendant herein was the surety. Notice of the filing of said bond was served on plaintiff, and accordingly he was stayed thereby, pending the appeal, from collecting the judgment. Eventually Naranen dismissed his appeal, but, on demand, the surety refused to pay the amount of the judgment; whereupon plaintiff brought this action against the surety to recover on the bond, and was given judgment, from which defendant has appealed.

At the trial and over plaintiff's objection defendant was allowed to introduce testimony as to the circumstances under which Naranen applied for and the defendant issued the bond, the purpose thereof being to show, as a defense,

that Naranen applied for a cost bond only and that defendant intended to issue only such a bond; but that through an error on the part of one of its employees a cost and stay bond was issued. And by reason of such testimony defendant contended at the trial and now urges on this appeal that said bond should be construed only as a cost bond. Obviously this cannot be done, because it is well settled that the character of an instrument must be determined by its terms; and here the instrument was not only expressly designated as a "cost and stay bond on appeal", but in terms it followed the exact form of such a bond. In this regard the first paragraph recited the rendition of the judgment from which the appeal was taken, etc.; and the second and third paragraphs read as follows: "Now, therefore, in consideration of the premises, and of such appeal, the Maryland Casualty Company, . . . as Surety, does hereby undertake and promise on the part of the Appellant, that the said Appellant will pay all damages and costs which may be awarded against the defendant on the appeal, or on a dismissal thereof, not exceeding One Hundred Dollars ($100), to which amount it acknowledges itself bound. And, whereas, the appellant is desirous of staying the execution of said judgment so appealed from, the said Maryland Casualty Company does further, in consideration thereof, and of the premises, undertake and promise, and does acknowledge itself bound in the further sum of One Hundred and no/100 Dollars, being double the amount named in said judgment, including costs, that the appellant will pay the amount of the Judgment appealed from and all costs, if the Appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against said defendant in the action in said Superior Court." Moreover, the judgment debtor reaped the full benefit of a stay bond, because plaintiff was prevented thereby from exercising his right to execute the judgment pending the determination of the appeal. It cannot reasonably be held, therefore, that plaintiff should be made the victim of negligence or mistakes on the part of defendant's employees in issuing such a bond.

Defendant further contends that inasmuch as the bond provided that the surety shall be bound "in the further sum of One Hundred and no/100 Dollars, being double the amount named in said Judgment", its liability there-

under in any event is limited to $100. A similar situation was presented in the case of *Austin* v. *Union Paving etc. Co.,* 4 Cal. App. 610 [88 Pac. 731], but was disposed of adversely to the contention defendant here makes. There the bond was given to stay execution upon a judgment aggregating $1,000, but the maximum penal sum inserted in the bond was $200, followed, as here, by the recital "being double the amount named in the judgment"; and it was held in effect that since it was evident from the terms of the bond and the subject-matter to which it related, as well as from the presumed knowledge of the sureties as to what the law required to stay execution, they intended to bind themselves in the penal sum of double the amount of the judgment; and the bond was so construed. Here the bond recites that the amount of the judgment was $2,000, and binds the surety in double that amount; furthermore, as will be seen, it provides "that the appellant will pay the amount of the Judgment appealed from and all costs, if the Appeal be withdrawn or dismissed . . . " Therefore, in view of these clearly expressed provisions in the bond and under the authority of the case cited, the insertion of the sum of $100 as the maximum penal sum must be treated as a clerical error.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.