[Civ. No. 355. Second Appellate District.—June 19, 1907.]

STIMSON MILL COMPANY, Appellant, v. M. J. NOLAN et al., Respondents.

C. G. BERG et al., Respondents, v. M. J. NOLAN et al., Defendants; N. S. WAKEFIELD, Cross-complainant; L. N. WISE, Cross-complainant and Appellant.

J. F. TILDEN, Appellant, v. M. J. NOLAN et al., Respondents.

FRICK-FLEMING HARDWARE COMPANY et al., Appellants, v. M. J. NOLAN et al., Respondents.

Mechanics' Liens—Void Contract—Prior Commencement of Work—Omission to Provide for Final Payment.—Where the work on a building to cost $3,100 was commenced and materials furnished prior

to the execution and record of the contract, and it omitted to provide for the final payment of twenty-five per cent of the contract price at least thirty-five days after completion of the building, the contract is void as to all persons performing labor or furnishing materials on the building.

Id.—Statement for Benefit of Contractor—Statute not Complied With.—The mere statement in the contract, for the benefit of the contractor, that the owner might pay the whole amount, when receipts were produced, cannot be construed as a substantial compliance with the statute as to the last payment, or even an attempt in that direction, where it appears that the whole contract price was payable upon completion, and the last payment was treated by the parties as the completion payment, the amount of which was depleted by the expenses of completion made necessary by the contractor's abandonment of the contract.

Id.—Equality of Rights of Lien Claimants.—The court erred in refusing to award a lien for the full value of the material and labor to those who bestowed the same after the contract was filed. The constitutional provision which gives to mechanics, materialmen, artisans and laborers of every class a lien upon the property upon which they bestowed labor or furnished materials places such parties in the same class. Their equality is established by the constitution and cannot be impaired or destroyed by the legislature. One lien claimant cannot be preferred over others.

Id.—Attorneys' Fees not Allowable.—Lien claimants cannot be allowed attorneys' fees in an action to foreclose their liens.

Id.—Lien upon Structure and Land Constitutional.—It is no infringement upon an existing right of property in the owner of land upon which a structure is placed by his own act to cause the lien given upon the structure to extend to the land necessary for its use.

Id.—Effect of Code Sections—Constitution—Rights of Owner of Property.—Sections 1183 and 1184 of the Code of Civil Procedure, regulating the terms required for the validity of building contracts in excess of $1,000, are not invalid, as impairing any existing right of the owner of the property. Those sections confer a right not previously existing, by which his liability is curtailed; if these sections did not exist or are not complied with, the constitution itself guarantees a lien to the full value of all labor or material bestowed or furnished. The owner cannot be injured, but is afforded security, if he honestly complies with those sections.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Borden & Carhart, W. C. Batcheller, A. L. & J. E. Stephens, and Charles L. Batcheller, for Appellants.

F. B. Guthrie, Frank James, E. A. Meserve, W. C. Petchner, and Scarborough & Bowen, for Respondents.

ALLEN, P. J.—Appeal from a judgment of the superior court of Los Angeles county.

It appears from the record that on or before June 22, 1903, defendant Nolan, the owner of the premises involved, and one Culver, a contractor, had concluded oral negotiations through which Culver had agreed to furnish materials and construct a house on said premises for the consideration of $3,100. That on said last-named date Culver, with Nolan's consent, commenced the work of such construction, and certain lien claimants delivered upon the premises the brick necessary for the foundation, while others delivered upon the premises the lumber necessary for the construction. Thereafter, on June 26, Nolan and Culver entered into a written contract for the construction of the house, which was in all respects the same as the oral agreement. In this written contract the construction price of $3,100 was made payable in four equal installments, of which three were to be paid during the construction, and the last "when the house was completed and receipts in full shown to the owner." After this contract had been executed, and such contract and an accompanying bond filed in the recorder's office, other lien claimants furnished materials and performed labor upon said building. The aggregate value of all materials and labor furnished by all claimants, on October 26, 1903, amounted to $1,770. On this date the contractor abandoned the work.

The court finds that on and before the abandonment the value of the work and materials furnished under the contract upon the house, estimated as nearly as may be by the standard of the whole contract price here involved, amounted to $2,520, and that the contractor had been previously paid by the owner $2,325, leaving a balance of $195 due, which the court found was the whole amount due from the owner to the contractor. The whole amount of expenditure required upon the part of the owner to complete the building is not made to appear. It appears that there was unpaid to the lien claimants on the 26th of October, 1903, on account of the materials furnished

and labor performed by them, the aggregate sum of $1,062.94. It further appears that the building was completed December 1, 1903, and that thereafter and within due time all of these claimants duly perfected their liens. Various suits were instituted by these claimants upon their liens, all of which were consolidated and heard in this action.

Upon the trial, the court found the contract between Nolan and Culver a valid one as to all parties furnishing materials or performing labor after its filing, but inoperative as to those who furnished labor and materials before such filing; and further, that the omission to reserve twenty-five per cent of the contract price thirty-five days after completion did not invalidate the contract. Judgment was accordingly rendered in favor of the lien claimants who furnished labor and materials after the filing of the contract to the full extent of their claims. That Wakefield, one of the claimants, being a laborer and his claim being for labor, had preference and priority over the other claimants who furnished materials after the filing of the contract, and that claim, amounting to $144.25, with costs for filing the lien and attorney's fees, was adjudged a preferred claim and the full amount thereof ordered paid; which payment exhausted all the money so found in the hands of the owner, and accordingly no relief was granted any of the remaining claimants.

The judgment of the trial court is erroneous for several reasons. First, because the court erred in holding the contract between the owner and contractor valid as affecting the rights of lien claimants. Section 1183, Code of Civil Procedure, provides: "All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and shall be subscribed by the parties thereto, and the said contract, or a memorandum thereof, setting forth . . . the total amount to be paid thereunder, and the amounts of all partial payments, together with the times when such payments shall be due and payable, shall, before the work is commenced, be filed in the office of the County Recorder of the county or city and county, where the property is situated . . . ; otherwise they shall be wholly void, and no recovery shall be had thereon by either party thereto; and in such case, the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner,

and they shall have a lien for the value thereof.'' No surreptitious commencement of work is involved; hence, we have a deliberate violation of the provisions of this section, the effect of which is declared by the statute. To hold such a contract valid, under the circumstances of this case, is to ignore the plain provisions of a statute. The contract being void, those entitled to liens under the constitution are unrestricted in their rights to have a lien for the full value of materials and labor furnished. (*Laidlaw* v. *Marye,* 133 Cal. 174, [65 Pac. 391].)

Again, section 1184, Code of Civil Procedure, provides: ''No part of the contract price shall, by the terms of any such contract, be made payable, nor shall the same or any part thereof be paid in advance of the commencement of the work, but the contract price shall, by the terms of the contract, be made payable in installments at specified times after the commencement of the work, or on the completion of specified portions of the work, or on the completion of the whole work; provided, that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract. . . . In case such contracts and alterations thereof do not conform substantially to the provisions of this section, the labor done and materials furnished by all persons except the contractor shall be deemed to have been done and furnished at the personal instance and request of the person who contracted with the contractor, and they shall have a lien for the value thereof.'' In this contract so executed and filed after the commencement of the work there is an entire omission to provide for the final payment of twenty-five per cent thirty-five days after completion, which is intended for the benefit of lien claimants, and the mere statement in the contract, inserted for the benefit of the contractor, that the owner might pay the whole amount when receipts were produced, cannot be construed as a substantial compliance with the statute, or even an attempt in that direction. The whole contract price was made payable upon completion, and the last payment was treated by all parties to the contract as the completion payment; for the amount of such payment was depleted by the expenses of completion made necessary by abandonment. In *Hampton* v. *Christensen,* 148 Cal. 729, [84 Pac. 203], Mr. Justice Henshaw, speaking for the court, says: ''Whatever

may be said of other payments, this amount of money (thirty-five day payment) cannot lawfully be depleted or reduced to the injury of any such claimant''; that out of the completion payment the necessary cost to the owner or completion, in case of abandonment, must be taken. ''If such completion payment be more than exhausted by the demands of the owner, . . . the excess of such demand cannot be carried over and made a charge against the twenty-five per cent final payment, to the injury of any lien claimant thereon. . . . This final payment is the only fund which the legislature has sequestered to meet the demand of the lien claimants. To permit this (its depletion) would be to deprive them of their constitutional right to a lien.'' The court erred in refusing to award a lien for the full value of the material and labor to those who bestowed the same after the contract was filed.

The court erred in awarding Wakefield preference over other lien claimants furnishing materials and performing labor. The constitutional provision which gives to mechanics, materialmen, artisans and laborers of every class, a lien upon the property upon which they have bestowed labor or furnished materials, places such parties in the same class. Their equality is established by the constitution and cannot be impaired or destroyed by the legislature. (*Miltimore* v. *Nofzinger Bros. L. Co.*, 150 Cal. 790, [90 Pac. 114].)

The allowance of an attorney's fee to the various claimants is also erroneous. (*Builders' Supply Depot* v. *O'Connor*, 150 Cal. 265, [88 Pac. 982].)

Respondent Nolan, in a supplemental brief, contends for the validity of the contract and urges in support thereof that section 15, article XX, of our state constitution, which guarantees to every laborer and materialman a lien upon a structure for the value of labor bestowed or materials furnished in its construction, is subordinate to section 1, article I of the same constitution, which declares that ''all men are by nature free and independent, and have certain inalienable rights, among which are those of . . . acquiring, possessing and protecting property''; and that it is subordinate, also, to section 13, article I, which declares that ''no person shall be deprived of life, liberty or property without due process of law.''

Respondent properly insists that the inalienable right to acquire and possess property includes the right of contracting with reference thereto. Were we to concede the subordinate

character of section 15, still we are unable to appreciate the conflict, one with the other, which is suggested by respondent. The constitutional lien to the laborer and materialman is given upon the structure as the principal thing. (*Humboldt Lumber Co.* v. *Crisp,* 146 Cal. 686, [106 Am. St. Rep. 75, 81 Pac. 30].) The right to declare such a lien is based upon the theory that the materialman and laborer produce the thing upon which the lien is declared. (*Tuttle* v. *Montford,* 7 Cal. 359.) In *Jones* v. *Hotel Company,* 86 Fed. 370, [30 C. C. A. 108], it is said by the court, in relation to statutes creating similar rights of lien: "But the validity of the statutes need not be rested upon mere authority. They find sanction in the dictates of natural justice, and most often administer an equity which has recognition under every system of law. That principle is that everyone who by his labor or materials has contributed to the preservation or enhancement of the property of another thereby acquires a right to compensation." It is no infringement upon an existing right of property to require one who has procured another to create a structure to pay for the work and materials involved in such creation. When the owner of land makes such structure a part of the land previously owned by him, it is not inequitable or destructive of his rights to say that, having by his own act made this labor and material of another an inseparable portion of his land, the lien upon the building should extend to the land necessary for its use. Having made the building a part of his land, it became as such charged with the lien upon the structure. (*Linck* v. *Meikeljohn,* 2 Cal. App. 508, [84 Pac. 309].)

It is next contended that sections 1183 and 1184, Code of Civil Procedure, which provide the terms of valid contracts as affecting those in excess of $1,000, are unconstitutional as an attempt to circumscribe the right of private contract within the usual pursuits of business, and are an unreasonable restriction upon the owner of his rights in regard to its use and upon his power to make contracts concerning the same, this contention being based largely upon the decisions of our own supreme court in *Stimson Mill Co.* v. *Braun,* 136 Cal. 123, [89 Am. St. Rep. 116, 68 Pac. 481], and *Gibbs* v. *Tally,* 133 Cal. 373, [65 Pac. 970]. We do not accept either of these decisions as determinative of the questions here involved. As-

suming, as we do, the validity of section 15, article XX, of the constitution, which guarantees the lien, we find that this constitutional right of the laborer and materialman extends to the full value of all labor and materials bestowed or furnished; and, without legislation, such value is the measure of recovery. The legislature has seen fit, under the authority given it by the constitution, to provide by the sections complained of certain conditions, upon the observance of which the constitutional measure of lien and recovery is restricted to the sum specified in the contract between the owner and contractor. There is no attempt to enlarge the rights of lien claimants under any circumstances, for under the sections mentioned, where a valid contract is made, the value of the thing furnished measures the extent to which any claim can be found. The effect, therefore, of these sections is not to impair any existing right of the owner, but, in effect, to confer a right not previously existing by which his liability may, under certain circumstances, be curtailed. The owner's liberty of action in relation to this property is not invaded by the statute. He need not employ an intermediary to erect his building, but if he does, the law ingrafts upon his act certain consequences. (*Henry* v. *Evans*, 97 Mo. 47, [10 S. W. 872].) There is no taking of property without due process of law. The contract by the owner is made voluntarily and with the constitution and laws in mind, and they form part of such contract; and he must be taken to have consented to the effect of such enactments. That similar rights are not conferred by the sections upon those who make improvements of nominal value and under $1,000, is a matter of which respondent cannot complain. (*Ramish* v. *Hartwell*, 126 Cal. 451, [58 Pac. 920].) Nor can it be said that this statute can have the effect to increase the necessary cost of the structure simply because the contractor who bids thereon does so under provisions of the law which require reasonable restrictions as to the time and manner of his payment, for this same law insures to him a lien for his contract price which he otherwise would not have. Hence, it would be unreasonable to say that because of such a statute a contractor is injured, when the only effect thereof can be to afford him security when he honestly discharges the obligations imposed upon him by its terms.

Judgment reversed, and cause remanded for further proceedings in accordance herewith.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 17, 1907.