[Civ. No. 813.   Second Appellate District.—June 18, 1910.]

D. I. NOFZIGER LUMBER COMPANY et al., Respondents, v. A. SOLOMON et al., Appellants.

Mechanics' Liens—Invalid Contract—Failure to Reserve Twenty-Five Per Cent After Completion.—Where a building contract fails to reserve twenty-five per cent of the contract price after the completion of the building, as required by section 1184 of the Code of Civil Procedure, and reserves only twenty per cent thereof, the contract is invalid as against the claimants of mechanics' liens, who are entitled to enforce their liens as if there were no contract, and their work had been done or materials furnished at the special instance and request of the owner of the building.

Id.—Constitutional Origin of Mechanics' Liens—Legislature Required to Protect and Enforce Liens.—Mechanics' liens, under the constitution of 1879, have a constitutional origin, and the legislature is required to provide for the speedy and efficient enforcement of such liens. The provisions which it has made for a fund of twenty-five per cent of the contract price for their enforcement cannot be depleted or reduced to the injury of any lien claimant without an infringement of constitutional right.

Id.—Proof of Actual Retention of Twenty-Five Per Cent Inadmissible.—The request of the owners to be permitted to show that they actually retained twenty-five per cent of the contract price,

though the terms of the contract did not provide therefor, was properly denied. An unrevealed intention to retain that amount, or the actual intention to retain the same, is not a compliance with section 1184 of the Code of Civil Procedure, which requires that, by the terms of the contract, twenty-five per cent of the whole contract price shall be made payable as therein provided. Evidence of the retention of the full amount, without such a provision in the contract, was, therefore, immaterial.

ID.—PURPOSE OF VERIFICATION TO NOTICE OF LIEN.—The purpose of the verification to the notice of a claim of lien is not to prove the lien when it is sought to enforce it in the courts; but the claim filed with the recorder, which is required to be verified, is but a notice by the claimant that he intends to avail himself of his right to a lien in the particular case. The verification of the claim by his own oath, or that of some other person, is required as evidence of good faith, and a *prima facie* support to his claim for the purpose of giving such notice only.

ID.—PURPOSE OF PROOF OF RECORDED CLAIM—ESTABLISHMENT OF REQUIRED NOTICE.—The purpose of proof of the original recorded claim of liens is not to prove its contents, but to establish that notice has been given as required by law. It is entitled to admission when it is shown that it complies with the statutory requirements.

ID.—PUBLIC RECORD—ADMISSIBILITY.—If the signature and verification were sufficient to entitle it to be filed with the recorder, and it was so filed, it became a public record, and thereafter became entitled to be received in evidence, under the rules governing the admission of private writings which may become public records by recording under the statute.

ID.—OBJECTION THAT "NO FOUNDATION WAS LAID."—The objection that "no foundation was laid" for the admission of an original claim of lien, which bears the certificate of record, might cover the absence of evidence in the record that the lien was recorded.

ID.—SPECIFICATION OF PARTICULARS REQUIRED.—When an objection is made that sufficient foundation has not been laid for the introduction of a writing or other evidence, the particulars wherein the foundation is insufficient must be specified.

ID.—INSUFFICIENT OBJECTION—ABSENCE OF PROOF OF SIGNATURE OR VERIFICATION.—An objection that "no evidence other than the lien itself was offered or introduced as to the signatures of the parties or verification thereof" was properly overruled. No proof of the genuineness of the signatures to either the claim or the verification is a necessary preliminary to the admission in evidence of a lien properly verified and filed for record.

ID.—PROOF OF CONTRACT AND FURNISHING OF MATERIALS—ABSENCE OF OBJECTION.—In the absence of any objection, the statement in the claim of lien may be accepted as proof of the person to whom the materials were furnished and the value of the materials furnished or labor done under the agreement with him.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellants.

Scarborough & Bowen, John F. Poole, and Schweitzer & Hutton, for Respondents.

TAGGART, J.—Consolidated action to foreclose mechanics' liens. Judgment for plaintiffs, and defendant owners appeal from judgment and order denying their motion for a new trial.

The record on appeal is made up in accordance with a stipulation "that no point is made on this appeal as to any pleading, nor as to any papers in the judgment-roll, in said actions, except as herein mentioned," and consists of the findings and judgment and a bill of exceptions. The questions presented for consideration are: (1) Was the clause in the contract which provides for the retention of $500, instead of $625, as the final payment, the whole contract price being $2500, a substantial compliance with the provisions of section 1184, Code of Civil Procedure, "that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract"? and (2) Were the original liens filed by each of the lien claimants, upon the face of which appeared a verification in the ordinary form, entitled to be introduced in evidence, without further proof that the claims were verified?

There are earlier cases which, in principle, perhaps, support the argument of appellants that the contract shows a substantial compliance with the statute. These declarations were due to the failure of the courts to recognize the change wrought in the law relating to mechanics' liens by the adoption of the constitution of 1879. There was no special provision in the constitution of 1849, or the amendments thereto, for a mechanics' lien law. The law was therefore entirely the creature of statute, and it was during this period that our present lien law was enacted. Being continued in force so far as consistent with the provisions of the constitution of 1879, by the

express terms of section 1 of article XXII of that instrument, the courts accepted it as the means provided by the legislature in response to the constitutional mandate that "the legislature shall provide, by law, for the speedy and efficient enforcement of such liens," no new procedure having been provided. (*Germania etc.* v. *Wagner,* 61 Cal. 349.) The phraseology of the law, which in all of its provisions implied that the lien was of legislative creation, was not revised to meet the change caused by the adoption of section 15 of article XX of the constitution of 1879, and was and still is, grammatically at least, out of harmony with the view that the right of lien is due to the provision of the constitution that "Mechanics, materialmen, artisans and laborers of every class shall have a lien upon the property upon which they have bestowed labor or furnished material, for the value of such labor done and material furnished; and the legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

The recognition of the constitutional origin of the right and the true relation of the statute is much clearer in the later cases, it being said of the clause here under consideration, by Justice Henshaw in *Hampton* v. *Christensen,* 148 Cal. 729, 737, [84 Pac. 200, 203]: "Every provision of the laws which the legislature may enact must be subordinate to and in consonance with this constitutional provision. It will be noted that, in framing these laws, primarily designed for the protection of materialmen and laborers, the legislature has seen fit to reserve for the use of these lien claimants but one of the payments. After providing that no payment shall be made until the commencement of the work, it sets aside a fund amounting to twenty-five per cent of the contract price, to be held for thirty-five days after the completion of the building, and this fund, in case of a valid contract, is practically the only money available to meet the demands of lien claimants. Whatever may be said of other payments, this amount of money cannot lawfully be depleted or reduced to the injury of any such claimant. If it could be, it would be setting at naught the constitutional provision granting a lien for the full value of the labor done or material furnished." (See, also, *Stimson Mill Co.* v. *Nolan,* 5 Cal. App. 754, [91 Pac. 262]; *Goldtree* v. *San Diego,* 8 Cal. App. 505, [97 Pac. 216]; *Los Angeles Pressed Brick Co.* v. *Higgins,* 8 Cal. App. 514, [97

Pac. 414].)   Considered in this light the statutory provisions as to the terms, form and recording of the contract become, in effect, a means provided whereby the owner may place some limit upon the liability of his property to be entirely taken to satisfy the constitutional lien.   As said in the Hampton-Christensen case, the law accords the owner ample opportunity to protect himself by providing in the contract for as large a reserved payment as is necessary for every emergency.   The legislature has certainly gone as far in the protection of the owner as can well be expected, when it declares that twenty-five per cent of the contract price is a sufficient reservation to cover the full value of the labor done and the material furnished, for which the constitution provides a lien.

This construction of section 1184 is in accord with the decision of the supreme court in *Burnett* v. *Glas,* 154 Cal. 249, [97 Pac. 423], which answers the first question adversely to appellants' contention.   In that case, like in the case at bar, the amount provided to be retained by the contract was only twenty per cent of the whole contract price, and the supreme court says: "There was also a substantial departure from the provisions of section 1184 of the Code of Civil Procedure. . . . It has always been recognized by this court, in line with the express declaration of this section, that where there is a substantial departure in the contract from the provisions as to the times of payment and the reservation of at least twenty-five per cent of the contract price for at least thirty-five days after completion of the building, the property is subject to liens in favor of those doing labor or furnishing materials to the same extent that it would have been had there been no contract, and the labor and materials had been furnished at the personal instance and request of the owners."

The request of appellants to be permitted to show that they actually retained the twenty-five per cent, notwithstanding the terms of the contract were not in accordance with the provisions of section 1184, was properly denied.   They did not offer to show that the lien claimants had any knowledge of this, or how this could be made available to the lien claimants against the rights of the other party to the contract, if the contract, as they contend, is valid.   Upon an issue made by them the court found that the failure to provide the proper amount in the contract was not due to a mistake of law.   Section 1184

13 Cal. App.—40

provides that by the terms of the contract twenty-five per cent of the whole contract price shall be made payable, etc., and an unrevealed intention to retain or the actual retention of twenty-five per cent is not a compliance with the section. Evidence of the retention of the full amount without such a provision in the contract was, therefore, immaterial.

It is not clear how the second point made by appellants is before us on the record. The bill of exceptions in the case of the plaintiff Nofziger Lumber Company reads: "Evidence was offered on behalf of the plaintiff . . . to prove the contract under which they furnished materials to the defendant J. B. Cook as contractor, and having proved their said contract with the said defendant contractor, and that they had furnished the materials thereunder. On June 18, 1908, the said plaintiff, by and through one of its attorneys, Mr. Scarborough, offered in evidence its original claim of lien. No evidence other than the lien itself was offered or introduced as to the signatures of the parties or verification thereof. Said offer was objected to by defendants" upon the grounds "that said claim of lien is incompetent, irrelevant and immaterial and no foundation laid." The concluding portion of the lien is given, showing the value of materials furnished and balance due and the name of the claimant corporation signed thereto, "By S. T. Davison." The verification is in the usual form by Davison as the vice-president of the company.

That the purpose of the verification is not to prove the lien when it is sought to enforce it in the court may be conceded. The statement filed with the recorder which is required to be verified is but a notice by the claimant that he intends to avail himself of his right to a lien in the particular case. The verification of the claim by his own oath or that of some other person is required as an evidence of good faith and a *prima facie* support to his claim for the purpose of giving such notice only. The introduction of this claim in evidence is not to prove its contents, but to establish that notice has been given as required by law. It is entitled to admission when it is shown that it complies with the statutory requirements. If the signature and verification were sufficient to entitle it to be filed with the recorder, and it was so filed, it became a public record and thereafter became entitled to be received in evidence under the rules governing the admission of private writ-

ings which may become public records by recording under the statute. (Code Civ. Proc., sec. 1894.) The objection that "no foundation was laid" for its introduction might cover the absence of evidence in the record that the lien was recorded, but no point is made of this. When an objection is made that sufficient foundation has not been laid for the introduction of a writing or other evidence, the particulars wherein the foundation is insufficient should be specified. If the objection were limited to the grounds implied by the statement in the bill of exceptions that "no evidence other than the lien itself was offered or introduced *as to the signatures of the parties or verification* thereof," it was properly overruled. No proof of the genuineness of the signatures to either the claim or the verification is a necessary preliminary to the admission in evidence of a lien properly verified and filed. The offer of the plaintiff was to prove the contract and the furnishing of materials thereunder. In the absence of any objection, this seems to include proof of the value of the materials as specified in the contract. The record as to the other judgment lien plaintiffs is substantially the same as the record in the Nofziger case.

No error appearing in the record, the judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.