[L. A. No. 3660. In Bank.—December 16, 1915.]

HAMMOND LUMBER COMPANY et al., Appellants, v. F. S. WILLIS et al., Respondents; MARYLAND CASUALTY COMPANY, Appellant.

MECHANICS' LIENS—AMENDMENT OF 1911—FAILURE TO FILE CONTRACT AND BOND—EXTENT OF LIENS.—Under the mechanics' lien law as amended in 1911, the failure of the owner to file the contract for the erection of the building and the bond in the recorder's office, as provided by section 1183 of the Code of Civil Procedure, entitles each lien claimant to a lien against the property for the full amount of the value of the materials furnished and used in the building or the labor done thereon, less any credits justly to be made in favor of the owner or the contractor. *Roystone Company* v. *Darling, ante,* p. 526, approved.

ID.—PROVISIONS REQUIRING BOND ARE CONSTITUTIONAL.—The provisions of section 1183 of the Code of Civil Procedure, as amended in 1911, respecting the giving and filing of a bond of the contractor, are constitutional and valid.

ID.—SURETY LIABLE ON UNFILED BOND—COMMON-LAW BOND.—The failure to file such bond in the recorder's office does not add to the burden of the surety, nor absolve him from liability thereon. Such

unfiled bond is valid as a common-law bond, for the benefit of all persons named therein as beneficiaries

ID.—CLAIM OF MATERIALMAN—MATERIALS FURNISHED SUBCONTRACTOR—SUIT ON BOND.—In an action upon such bond, a materialman is entitled to recover for materials furnished to a subcontractor which were actually used in the building. In making the apportionment, or in adjudging the recovery, the same demand must not be used to swell the claim of the materialman and again used in computing the amount to be recovered by a subcontractor.

ID.—JUDGMENT AGAINST SURETY—PENAL SUM LIMIT OF LIABILITY.—The judgment against the surety in an action on such bond cannot exceed, in the aggregate, the penal sum of the bond.

APPEALS from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

E. H. Jolliffe, and R. L. Horton, for Plaintiffs and Appellants.

Bicksler & Smith, and Bicksler, Smith & Parke, for Appellant Maryland Casualty Company.

Leonard & Surr, for Other Defendants.

Jesse H. Steinhart, Frohman & Jacobs, Redman & Alexander, Henry A. Jacobs, James M. Oliver, *Amici Curiae.*

SHAW, J.—This case presents cross-appeals, one by the plaintiffs, the other by the defendant Maryland Casualty Company. The case is a companion case to that of *Roystone Company* v. *Darling*, L. A. No. 4072, decided on December 15, 1915, *ante*, p. 526, [154 Pac. 15]. The respective appeals are from different parts of the judgment.

The plaintiffs began actions to foreclose mechanics' liens asserted by them, respectively, against the property of the defendant Mertz, for labor and materials furnished by them to the defendant Willis, the contractor, which were used in the erection of buildings on the premises of Mertz in San Bernardino County. One building, a dwelling, was erected under a contract between Mertz and Willis dated October 10, 1911, which was accompanied by a bond executed by Willis and the Maryland Casualty Company to Mertz in the penal

sum of $1,975, being one-half the contract price, conditioned substantially as required by section 1183 of the Code of Civil Procedure, as amended in 1911.   Neither the contract nor the bond were ever filed in the office of the county recorder of the county.   The other building was a garage erected on the same lot.   No written contract was made concerning it nor was any bond taken from the contractor.   The buildings were completed March 16, 1912.

The court found the value of the labor and materials furnished by the plaintiffs, respectively, and the balance due thereon from the contractor, after deducting all payments and other credits.   They amounted in all to the sum of $2,137.65, of which $43.67 was for work and materials on the garage.   It further found that $2,964 had been paid by Mertz to Willis on the contract price of the dwelling-house during the progress of the work, and that there was still due and unpaid thereon the sum of $986.   It thus appears that the amount of the several liens on account of the dwelling-house was $1,107.98, more than the balance remaining unpaid from the owner on the contract price.

Apparently the court below was of the opinion that, notwithstanding the failure of the owner to file the contract and bond in the recorder's office, as provided by section 1183 aforesaid, the property could not be held liable to lien claimants for anything in excess of the balance due on the contract price.   Accordingly, in its conclusions of law and judgment it limited the liens of the plaintiffs, with respect to the dwelling-house, to the aggregate sum of $986, divided ratably among them.   The plaintiffs appeal from this part of the judgment, claiming that the court was in error in this conclusion, and that, owing to the failure of the owner to file the bond and contract in the recorder's office, each lien claimant is entitled, under the mechanic's lien law as amended, to a lien against the property for the full amount of the value of the materials furnished and used in the building or the labor done thereon, less any credits justly to be made in favor of the owner or contractor.   Under the decision in *Roystone Company* v. *Darling, ante,* p. 526, [154 Pac. 15], the plaintiffs' contention must be upheld.   Upon the authority of that decision we hold that the judgment is erroneous so far as it refuses a foreclosure for the value of the labor done and material furnished.

The court below gave a direct judgment against the Maryland Casualty Company in favor of each of the plaintiffs for a proportion of his claim, amounting in all to $1,238.96. It also provided that upon foreclosure sale, deficiency judgments should, if necessary, be entered against it, but not to exceed in the aggregate, together with said direct judgments, more than $1,975, the penal sum of the bond. It appeals from the judgment, claiming that the provisions of the code respecting such bonds are unconstitutional, and that, in consequence thereof, the bond was absolutely void. This question was treated in the decision in *Roystone Company* v. *Darling,* and the law was there held to be constitutional and valid. The only difference between that case and this is, that in that case the owner had filed the bond and contract in the recorder's office, while in this case neither the bond nor the contract were so filed. The appellants argue that the bond is without consideration where the statute is not fully complied with. The bond itself does not say that it shall be void if it is not filed. The statute provides that the owner may take such bond, and that if he files it with the contract before the work is begun he thereby limits his own liability to the contract price. But its validity is not declared to be dependent on such filing. The failure to file it does not add to the burden of the surety. He stands for the contractor, who is primarily liable to lien claimants. Such bond is not similar to the bond required by the amendment of 1903 to section 1203 of the Code of Civil Procedure. We hold that it is valid as a common-law bond, for the benefit of all persons named therein as beneficiaries, under the principles stated in *Union etc. Works* v. *Dodge,* 129 Cal. 390, [62 Pac. 41]; *Keissig* v. *Allspaugh,* 91 Cal. 234, [27 Pac. 662]; and *Peoples L. Co.* v. *Gillard,* 136 Cal. 57, [68 Pac. 576].

Part of the claim of the Hammond Lumber Company is for materials furnished to a subcontractor. This was taken into account in apportioning the recovery upon the bond against the Casualty company. It is claimed that this was error. It appears that the material was actually used in the building. It was material bestowed upon the building, and it therefore comes clearly within the language of the constitution. It also comes within the provisions of section 1183, prescribing the terms of the bond to be taken and declaring that the bond must inure to the benefit of all who "furnish materials to be

used in the work." It does not except those who deal with a subcontractor. Of course, in making the apportionment, or in adjudging the recovery, the same demand must not be used to swell the claim of the materialman and again used in computing the amount to be recovered by a subcontractor. But it is not claimed that there was any double charge of that kind. The direct judgments against the Casualty company amounted to less than the penal sum of the bond. In formulating the new judgment of foreclosure, as hereinafter directed, the court below should provide that the deficiency judgment to be entered against that company shall not, together with the principal of those already entered and hereby affirmed, exceed, in the aggregate, the penal sum of the bond. No judgment of any kind is to be given against the surety company for, or on account of, the liens for the value of the materials furnished or labor done upon the garage.

In view of the fact that the direct judgments against the surety are affirmed, it is proper to add that this case is not to be taken as a precedent, so far as the proper form of judgment in similar cases is concerned. It may be that it should have gone against the surety directly to the full amount of the penalty. We express no opinion on the subject. The question was not argued.

It is ordered that the direct judgments against the Maryland Casualty Company be affirmed and that the judgment foreclosing the liens and declaring the amounts of the plaintiffs' liens against the property of the defendant Mertz be reversed and the cause remanded to the court below, with directions to enter a new judgment of foreclosure upon the findings in favor of each plaintiff in accordance with this opinion.

Sloss, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.

HENSHAW, J., Concurring.—I concur for the reasons given in the concurring opinion in *Roystone Company* v. *Darling*, L. A. No. 4072, decided December 15, 1915, *ante*, p. 526, [154 Pac. 15].

Melvin, J., concurred.

Rehearing denied.