[Civ. No. 42510. Second Dist., Div. Two. May 16, 1974.]

EVELYN F. MILLER, Plaintiff and Appellant, v.
DEPARTMENT OF HUMAN RESOURCES DEVELOPMENT et al.,
Defendants and Respondents.

## COUNSEL

Miller & Steiniger and Michael G. Steiniger for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Edward M. Belasco, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**COMPTON, J.**—Petitioner Evelyn F. Miller appeals from a denial of her petition for writ of mandate by which she sought to compel the California Department of Human Resources Development and specifically the California Unemployment Insurance Appeals Board to declare her eligible for benefits under the California Unemployment Compensation Law. We affirm the judgment denying the petition.

The facts are not in dispute. Petitioner was employed as a secretary by her son Manuel H. Miller, an attorney, engaged in the private practice of law in Los Angeles, California. Her term of employment was for one year at which time she was allegedly terminated involuntarily, for the reason that her skills were no longer adequate for the position. Petitioner thereafter filed a claim for unemployment compensation benefits, which claim was denied. She has exhausted her administrative remedies.

 Section 631 of the Unemployment Insurance Code provides for exclusion from the program of an individual who is employed by his son, daughter or spouse or a child under age 18 who is employed by his father or mother.

Petitioner's sole contention on appeal is that such exclusion is unconstitutional as constituting a denial of equal protection of the law.

The system of unemployment insurance is a federal-state cooperative program under which federal funding is provided for state programs that conform to federal requirements. (42 U.S.C.A. §§ 501-503.) California's program has qualified for federal funding and meets federal requirements. The underlying purpose of the national unemployment insurance program was to relieve the federal government of certain responsibilities in the welfare field, and as a result vested primary administrative responsibility in the several states.

The national law itself contains certain exemptions which were challenged in the first test of its constitutionality which challenge was rejected in *Steward Machine Co.* v. *Davis,* 301 U.S. 548 [81 L.Ed. 1279, 57 S.Ct. 883, 109 A.L.R. 1293], and *Carmichael* v. *Southern Coal Co.,* 301 U.S. 495 [81 L.Ed. 1245, 57 S.Ct. 868, 109 A.L.R. 1327].

In *Steward* it was stated at pages 584-585 [81 L.Ed. at pages 1289-1290]: "The statute does not apply, as we have seen, to employers of less than eight. It does not apply to agricultural labor, or domestic service in

a private home or to some classes of less importance. Petitioner contends that the effect of these restrictions is an arbitrary discrimination vitiating the tax.

"The Fifth Amendment unlike the Fourteenth has no equal protection clause. [Citations.] But even the states, though subject to such a clause, are not confined to a formula of rigid uniformity in framing measures of taxation. [Citation.] They may tax some kinds of property at one rate, and others at another, and exempt others altogether. [Citations.] They may lay an excise on the operations of a particular kind of business, and exempt some other kind of business akin thereto. [Citations.] If this latitude of judgment is lawful for the states, it is lawful, *a fortiori*, in legislation by the Congress, which is subject to restraints less narrow and confining. [Citation.]

"The classifications and exemptions directed by the statute now in controversy have support in considerations of policy and practical convenience that cannot be condemned as arbitrary. The classifications and exemptions would therefore be upheld if they had been adopted by a state and the provisions of the Fourteenth Amendment were invoked to annul them. This is held in two cases passed upon today in which precisely the same provisions were the subject of attack, the provisions being contained in the Unemployment Compensation Law of the State of Alabama." (Citing *Carmichael, supra.*)

In *Carmichael* it was stated at page 513 [81 L.Ed. at page 1255]: "Administrative considerations may explain several exemptions. Relatively great expense and inconvenience of collection may justify the exemption from taxation of domestic employers, farmers, and *family businesses,* not likely to maintain adequate employment records, which are an important aid in the collection and verification of the tax." (Italics added.) (Also see *Dandridge* v. *Williams,* 397 U.S. 471 [25 L.Ed.2d 491, 90 S.Ct. 1153]; *Zuckerman-Mandeville, Inc.* v. *Sheffield,* 8 Cal.App.3d 793 [88 Cal.Rptr. 57].)

Unemployment Insurance Code section 631, as any other legislative enactment, is clothed in the presumption of constitutionality. (*Collins* v. *Riley,* 24 Cal.2d 912 [152 P.2d 169]; *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481 [171, P.2d 21, 166 A.L.R. 701].) The burden is on the petitioner to overcome that presumption.

█ It is axiomatic that a state legislature may, consonant with the United States constitutional requirement that all persons be afforded equal

protection of the law, create classifications of persons or subject matter so long as that classification is reasonable and not arbitrary and rests upon a basis which has a relationship to the object of the legislation. The basic requirement is that all persons within a particular class be treated alike.

Article I, section 11, of the California Constitution mandates that all laws of a general nature have a uniform operation. That requirement is satisfied when the law operates upon all persons standing in the same category. (*Wigmore* v. *Buell,* 122 Cal. 144 [54 P. 600]; *Gregory* v. *Hecke,* 73 Cal.App. 268 [238 P. 787].) The category or class must be founded on a natural, intrinsic and constitutional distinction. (*Ex parte Koser,* 60 Cal. 177; *Lelande* v. *Lowery,* 26 Cal.2d 224 [157 P.2d 639, 175 A.L.R. 1109].)

The Legislature may make reasonable classifications which have a substantial relationship to a legitimate object to be accomplished. (*City of Pasadena* v. *Stimson,* 91 Cal. 238 [27 P. 604]; *Hollenbeck-Bush P. Mill Co.* v. *Amweg,* 177 Cal. 159 [170 P. 148]; *In re Sumida,* 177 Cal. 388 [170 P. 823].)

The public policy underlying California's unemployment compensation program is to be found in Unemployment Insurance Code section 100. The Legislature therein declares that the public good and the general welfare requires the compulsory setting aside of funds to be used for a system of unemployment insurance providing benefits for persons unemployed through no fault of their own.

In creating a system of unemployment insurance one very relevant factor to be considered by the Legislature was the administration of the program in a manner which would protect against unwarranted or improper claims in order to preserve the fund with which to achieve the legislative policy.

To this end the State of California in enacting a comprehensive unemployment insurance program, created a number of exemptions from such program. These classifications are to be found in Unemployment Insurance Code sections 625 through 648, and they fall into three general categories. (1) Those in which administration and accounting would be difficult, (2) those in which governmental employees or maritime employees are involved, and (3) those in which depletions of the fund could result from a lack of or inability to control eligibility. Section 631 is in this latter category.

In *Miranda* v. *Unemployment Ins. Appeals Bd.,* 36 Cal.App.3d 213, at pages 220-221 [111 Cal.Rptr. 419], this court observed: "The very broad general language of the federal requirements which serve to guide the states in administering the Unemployment Insurance program is a clear recognition of the desirability of permitting the states some flexibility in achieving the dual objective of prompt payment to the eligible and denial of payment to the ineligible. It is not the role of the courts to further legislate on the subject by striking down a procedure that the Legislature of California and apparently the federal executive branch considers to be a reasonable method of achieving the objectives of the program. . . . It certainly cannot be said that the Legislature of California, which has created a myriad of programs, funded by many millions of dollars, to relieve the hardships of the citizens of this state, is insensitive to the needs of the unemployed."

California's program is consistent with the vast majority of the states and the federal government itself in excluding family employment from the coverage of the unemployment insurance program. (1BCCH Unemp. Ins. Rep., Employers and Employments, p. 4351.)

As was stated in *Dandridge* v. *Williams,* 397 U.S. 471, at page 487 [25 L.Ed.2d 491, 503, 90 S.Ct. 1153]: "[T]he intractable economic, social, and even philosophical problems presented by public welfare assistance programs are not the business of this Court. The Constitution may impose certain procedural safeguards upon systems of welfare administration, [citation]. But the Constitution does not empower this Court to second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients."

Petitioner has failed to carry her burden of demonstrating that the "family exclusion" creates a classification which is irrational or unreasonable in light of the legislative objective.

The judgment is affirmed.

Roth, P. J., and Beach, J., concurred.