[S. F. No. 14499. In Bank.—January 27, 1933.]

S. P. MEDA et al., Respondents, v. FREDERICK H. LAWTON et al., Appellants.

Kirkbride, Wilson & Brooks, R. P. Wisecarver, J. E. McCurdy and John D. Willard for Appellants.

Joseph G. DeForest, Hartley F. Peart, John Ralph Wilson, Redmond, Alexander & Bacon and Hadsell, Sweet & Ingalls, as *Amici Curiae* on Behalf of Appellants.

Albert Picard, Edmund Scott, William Evans, Samuel R. Davis, Walter E. Dorn, Herbert Chamberlin, J. W. Coleberd, Franklin M. O'Brien and O'Brien & Lucey for Respondents.

THE COURT.—This is an appeal from judgments totaling $11,541.20, rendered in favor of plaintiffs in cases consolidated before trial. The actions were brought to fore-

close mechanics' liens and to recover personal judgments against the defendants Lawton and National Surety Company. The essential findings are that defendant Gerske engaged defendant Lawton to construct a dwelling-house for him; that defendant National Surety Company executed a bond in the sum of $15,000, which recited that a written contract had been entered into between the contractor and the owner, and which provided, as required by statute, that it should inure to the benefit of persons performing labor or furnishing materials; that this contract and bond were never filed for record; and that plaintiffs furnished labor and materials for which they were not paid. The court gave judgment for foreclosure of the liens and personally against the contractor and surety company, as prayed. Defendants bring this appeal.

The appeal of defendant Gerske is based upon his own testimony showing that he paid the contractor the full agreed price of $16,000. From this he argues that the court should not have decreed a lien upon the building, but should have permitted recovery only against the contractor and his surety. In support of this position he advances the theory that the statute (sec. 1183, Code Civ. Proc.), as it read prior to 1929, the period during which the transactions took place, provided only for "derivative liens" wherever the owner had paid the contractor in full. This is in direct conflict with the language of the statute, stating that they "shall be direct liens, and shall not in the case of any claimants, other than the contractor be limited, as to amount, by any contract price agreed upon between the contractor and the owner except as hereinafter provided". The section goes on to provide that upon the filing for record of the contract and the contractor's bond, in proper form, the court must "where it would be equitable to do so" restrict the recovery under the liens to the amount due from the owner to the contractor. Inasmuch as defendant Gerske wholly failed to comply with the statutory requirement of filing the contract and bond for record, his position is groundless.

The appeal of defendant surety company raises a number of points, some of which may be briefly mentioned. It is contended that Gerske and Lawton, who were formerly partners, were acting as principal and agent in this trans-

action; that Gerske did not in fact pay Lawton in full, because the house actually cost much more than $16,000; and that these parties are attempting to compel the surety to pay part of the cost of the house. Lawton did not appear to testify, and the trial court refused to grant a continuance and likewise sustained objections to certain questions asked defendant Gerske and certain evidence offered to show greater cost as well as modification of the original contract. The lower court was of the view that these matters, while they might affect the relative rights of Gerske, Lawton and the surety company as between themselves, were immaterial in proceedings brought by lien claimants; and we think that this conclusion was sound. ▉ It is further argued that the failure of defendant Gerske to file the contract and bond relieved the surety company from liability under the statute; that the instrument was thereafter valid only as a "common law bond"; and that the surety was exonerated by alterations in the contract. The actual contract of the parties, it should be noted, consisted of letters and oral negotiations, and there is no convincing evidence of material alteration. But we are unable to agree that the suppression of the contract and bond by Gerske had the effect of exonerating the surety. The liability was fixed by the statute and the bond in favor of persons in the position of plaintiffs, and the only effect of Gerske's action is to place upon him a greater liability than if he had recorded the instruments. The provision for filing is unquestionably for the benefit of the owner and not the surety. The failure to file does not add to the surety's burden or prejudice him in any way. (*Hammond Lumber Co.* v. *Willis,* 171 Cal. 565 [153 Pac. 947].) ▉ Nor do we find any merit in the contention that the one-year period of limitation specified in the bond for actions under it has run, so as to defeat the claims of plaintiffs. A reading of the instrument shows that this applies only to the person named therein as "obligee", the defendant Gerske, and that laborers and materialmen "shall have the right of action given them by the laws of the State of California".

The other points of this appellant are equally unsubstantial and require no discussion.

▉ The final point made by all defendants is that the court erred in awarding interest from the date of comple-

tion of the work, the total amount being $555.75. It is urged that the amounts due plaintiffs were unliquidated and uncertain, and that therefore, under the settled rule, interest was proper only from the date of judgment. We find no error in the court's determination in this regard. To bring themselves within the statute the lien claimants alleged that the amounts sued for were the reasonable value of their services or materials. In some cases, an agreed price was set forth. In all cases the amounts sued for were stipulated to be the reasonable value of the services or materials, and the court so found. Section 3287 of the Civil Code provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . " In the absence of any objection by defendants as to those amounts, we think it must be presumed that they were "certain, or capable of being made certain by calculation", and that it was therefore correct to award interest from the time they were due, upon the filing of the notice of completion.

The judgment is affirmed.

Rehearing denied.